UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| AMERICAN BATTERY TECHNOLOGY COMPANY, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>TYSADCO PARTNERS LLC, a Delaware limited liability company,<br><br>Defendant. | Case No. 3:24-cv-00434-MMD-CLB<br><br>ORDER |

**I.    SUMMARY**

Plaintiff American Battery Technology Company sued Defendant Tysadco Partners, LLC for breach of contract and breach of the covenant of good faith and fair dealing. (ECF No. 1 ("Complaint").) Plaintiff alleges that Defendant failed to pay or acknowledge outstanding debts related to three purchase agreements of common stock. (*Id.* at 2-3.) Before the Court is Defendant's motion to dismiss.[1] (ECF No. 13 ("Motion").) As further explained below, the Court will grant the Motion because Plaintiff fails to state a claim for both causes of action.

**II.    BACKGROUND[2]**

In 2023, the parties agreed to the sale of up to 5,000,000 shares of Plaintiff's common stock, and in March 2024, they entered into three purchase agreements ("Contracts") for said stock. (ECF No. 1 at 2.) The first purchase agreement amounted to 552,105 shares for $1,000,000, the second amounted to 521,105 shares for $1,000,000,

---

[1]Plaintiff responded (ECF No. 15) and Defendant replied (ECF No. 18).

[2]The following facts are adapted from the Complaint.

and the third purchase agreement amounted to 320,273 shares for $500,000. (*Id.*) Plaintiff subsequently issued the shares. (*Id.*)

As of filing, Defendant paid Plaintiff the full $1,000,000 under the first purchase agreement, $87,193.50 of the amount owed on the second purchase agreement, and no payments on the third purchase agreement. (*Id.* at 2-3.) Defendant owes Plaintiff $1,415,804.65 and refuses to acknowledge the outstanding balance. (*Id.* at 3.) Plaintiff now sues for breach of contract and breach of the covenant of good faith and fair dealing. (*Id.* at 3-4.)

### III.  DISCUSSION

Defendant moves to dismiss under Rule 12(b)(6), arguing that Plaintiff fails to allege sufficient facts on its breach of contract claim and fails to state a cause of action for the breach of the implied covenant of good faith and fair dealing. (ECF No. 13 at 1-2.) The Court will address each claim in turn.

#### A.  Breach of Contract

Defendant argues that Plaintiff fails to state a claim for breach of contract because it failed to attach the Contracts at issue as exhibits to the Complaint, and because the relevant terms of the Contracts—other than the amount of shares and purchase price—are not alleged. (ECF No. 13 at 4-5.) Plaintiff counters that it is not required to submit a copy of the Contracts at the pleading stage. (ECF No. 15 at 3-5.)

"In Nevada, to succeed on a claim for breach of contract a plaintiff must show: (1) the existence of a valid contract; (2) that the plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach." *Patel v. Am. Nat'l Prop. & Cas. Co.*, 367 F. Supp. 3d 1186, 1191 (D. Nev. 2019) (citing RESTATEMENT (SECOND) OF CONTRACTS § 203 (AM. L. INST. 2007)). Plaintiff alleges the Contracts' number of shares and cost but fails to establish what terms of the contract were allegedly breached. "Without additional factual content, Plaintiff's assertion that Defendant breached the contract because it did

2

not pay Plaintiff's claim is nothing more than a legal conclusion, and therefore insufficient under the relevant pleading standards."[3] *Id.* at 1192 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Accordingly, Plaintiff's allegation is conclusory and, without further details, fails to state a claim.[4]

### B.  Breach of the Covenant of Good Faith and Fair Dealing

Defendant then argues that Plaintiff fails to state a claim for breach of the covenant of good faith and fair dealing because said claim cannot be based on the same conduct supporting a separately pled breach of contract claim. (ECF No. 13 at 5-6.) Plaintiff does not respond to the argument and instead states that where a defendant does not breach a contract, a plaintiff may still recover for breach of the implied covenant of good faith and fair dealing. (ECF No. 15 at 5-6.)

Breach of the implied covenant of good faith and fair dealing requires (1) a contract between the parties, (2) a duty of good faith, (3) defendant breaching the duty, and (4) plaintiff's justified expectations being denied. *See, e.g.*, *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (citation omitted). In the Complaint, Plaintiff alleges that "[Defendant] breaches the covenant of good faith and fair dealing implied into the Purchase Agreements by performing in a manner unfaithful to the purpose of those agreements and deliberately contravened the intention and spirit of those agreements in bad faith," and alleges no additional facts supporting this claim. (ECF No. 1 at 4.) However, as noted by Defendant,

---

[3]Plaintiff unsuccessfully attempts to distinguish this case by arguing that in *Patel*, the plaintiff "conclusively asserted" that the defendant breached the contract by failing to pay, and here Plaintiff clearly alleges that Defendant paid for the shares in the first purchase agreement, some of the shares in the second, and none of the third. (ECF No. 15 at 4.) However, like the plaintiff in *Patel*, Plaintiff fails to include "what terms were allegedly breached and the manner in which Defendant allegedly breached them." *Patel*, 367 F. Supp. 3d at 1192. For example, Plaintiff does not allege if the terms of the Contracts state when or how Defendant agreed to pay.

[4]Plaintiff cites *In re Wellpoint Out-Of-Network UCR Rates Litig.*, 865 F. Supp. 2d 1002, 1046 (C.D. Cal. 2011) for the point that "[a] plaintiff who sues on a written contract is not required to attach a copy of the contract to the complaint, but its existence and how it was breached must be identified." (ECF No. 15 at 4.) But while Plaintiff may not be required to include the Contracts as evidence, considering the lack of sufficient alleged facts, Plaintiff fails to state a claim without them.

"[i]t is well established that a claim alleging breach of the implied covenants of good faith and fair dealing cannot be based on the same conduct establishing a separately pled breach of contract claim." *Shaw v. CitiMortgage, Inc.*, 201 F. Supp. 3d 1222, 1252 (D. Nev. 2016) (citation omitted). Plaintiff accordingly fails to state a claim because it is based upon the same conduct as the breach of conduct claim.

### C.     Leave to Amend

Plaintiff requests leave to amend if the Court dismisses any of its claims. (ECF No. 15 at 6.) The Court has discretion to grant leave to amend and should freely do so "when justice so requires." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (quoting FED. R. CIV. P. 15(a)). As the Complaint has not been previously amended and the Court cannot conclude that amendment would be futile, the Court grants leave to amend the Complaint.

In sum, the Court will grant the Motion with leave to amend because Plaintiff fails to allege sufficient facts state a claim for relief that is plausible on its face.

## IV.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court reviewed these arguments and cases and determines that they do not warrant discussion as they do not materially affect the outcome of the Motion before the Court.

It is therefore ordered that Defendant's motion to dismiss (ECF No. 13) is granted with leave to amend because the Court cannot find that amendment is futile. Plaintiff must file its amended complaint curing the deficiencies identified herein within 15 days of the date of this order. Failure to do so will result in dismissal of this action with prejudice.

DATED THIS 18th Day of April 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE